UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TANNER STICKNEY,

    Plaintiff,

    v.                                   CAUSE NO. 3:22-CV-207-JD-MGG

W. HYATTE,

    Defendant.

## OPINION AND ORDER

Tanner Stickney, a prisoner without a lawyer, filed a complaint about the condition of RHU Cell 512, where he was housed for about a month at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stickney alleges that on February 10, 2022, he was moved to RHU Cell 512, and that cell had no intercom and had exposed wires. He says he wrote to Warden William Hyatte to say he did not feel safe with live wires in the cell, but he was not moved until March 5, 2022. But his new cell also had exposed wires and no intercom. He alleges these conditions violated his Eighth Amendment rights.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). Here, the complaint lacks details about whether the exposed wiring or lack of an intercom could constitute an objectively serious

2

deprivation. Stickney says he did not feel safe in the cell, but he provides no details about how the conditions posed a risk to him. Without more information, the court cannot determine whether the conditions were sufficiently serious.

This complaint does not state a claim for which relief can be granted. Nevertheless, Stickney may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He need to include more information about the conditions he complains about, how they affected him, who he told about these problems, and what their response was. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

Additionally, Stickney must resolve his filing fee status. He filed an in forma pauperis motion, but did not attach a copy of his inmate trust fund ledger. If he wants to continue this lawsuit, he needs to file a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court:

(1) GRANTS Tanner Stickney until **April 25, 2022**, to file an amended complaint and prison trust fund ledgers for the past six months; and

(2) CAUTIONS Tanner Stickney if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 21, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT